GULOTTA, Judge.
Plaintiff appeals from a judgment rejecting her claim for a finder’s fee of $16,230.00. We affirm.
The finder’s fee allegedly due represented one percent of the purchase price of the sale of property located on Williams Boulevard and West Esplanade from a corporation in which defendant owned fifty per *479 cent of the stock. The trial judge found that plaintiff had failed to prove that an agreement existed between plaintiff and defendant for the payment of a fee, and that in any event, the finder’s fee had already been paid by purchaser, Centurian Development Corporation through its president, John Waits. Therefore, according to the reasons of the trial judge, if the obligation had existed, it had been extinguished by the payment made by a third person, Waits.
The undisputed facts are that John Waits, representing Centurian Development Corporation, employed plaintiff realtor, Dolores Finley, and one of the agents associated with her office, Erma Gamble, to find appropriate sites for the development of shopping centers in the New Orleans area. After working on the project several months, plaintiff learned that Joe Epstein owned property located at West Esplanade and Williams Boulevard which appeared to be an appropriate site. It is clear that Epstein was initially approached regarding the property by Mrs. Finley who informed him that Mrs. Gamble would talk with him in the near future to introduce him to the prospective purchaser.
The property in question was eventually sold to Finley’s client for $1,623,000.00.
The main issue, on appeal, is whether sometime after the initial phone call from Finley to Epstein and before the sale, Epstein contracted to pay Finley a one percent finder’s fee.
Mrs. Gamble testified that although she was employed by Waits to find suitable locations, no agreement existed between them that his company would pay the commission. Mrs. Gamble stated that Epstein had agreed to pay the one percent finder’s fee upon the sale of the property. According to Mrs. Gamble, Epstein explained he could not pay a commission because he had expended too much effort in obtaining leases for development of the property, and because he owned a fifty percent interest in the property. Mrs. Finley, Gamble’s employer, testified that after she had been informed of the agreement, she had confirmed it with Epstein at their next meeting. Waits also testified that he had understood that Epstein would pay the finder’s fee.
Epstein testified that at no time did he agree to pay Gamble and Finley the one percent fee. Mr. Harry Gamble, attorney for Waits, testified that the finder’s fee or commission was mentioned on one occasion at the office of defendant’s attorney. Epstein’s attorney testified he informed Gamble that his client was not prepared to pay the commission and that no sale would be possible if part of the consideration was payment of the fee by the sellers.
Alfred A. Pecot, vice president of the co-owner corporation which owned the property with Epstein, stated he, at no time, agreed to pay a finder’s fee.
It is significant that the purchaser paid the finder’s fee to plaintiff. Waits testified, however, his corporation merely loaned the fee to Finley with the understanding that it would be repaid when Epstein paid the fee. Waits also testified that his corporation did not intend to sue Epstein if he failed to pay the amount owed, but instead would write the payment off as a loss.
We find it significant also that the notary’s closing statement erroneously indicated a commission in the sum of $64,944.00 was to be paid to Joe Epstein and Harry Gamble, III. Upon objection from seller’s attorney, the commission was omitted from the seller’s statement. No commission was deducted from the sale price. However, the purchaser paid the amount of the commission in addition to the purchase price.
We cannot say from our consideration of the record the trial judge erred when he concluded plaintiff failed to prove the existence of an agreement for payment of a finder’s fee by defendant. The trial judge made a credibility determination which is supported by the record.
*480 Since we conclude, as did the trial judge, that no obligation existed on the part of defendant to pay plaintiff, we find it unnecessary to determine whether payment of the fee by the purchaser constituted an ex-tinguishment of the obligation because of payment by a third person.
Accordingly, the judgment is affirmed.
Affirmed.